IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID DAY, individually and on behalf
of a class of similarly situated persons,

    Plaintiff,

CASE NO: 19-cv-01522-VMC-TGW

v.

SARASOTA DOCTORS HOSPITAL, INC. d/b/a
DOCTORS HOSPITAL OF SARASOTA

    Defendant.
_____/

## PLAINTIFF'S OBJECTION TO THE HONORABLE MAGISTRATE JUDGE THOMAS G. WILSONS' SEPTEMBER 4, 2020 ORDER (DOCKET ENTRY 176)

Pursuant to the Federal Rules of Civil Procedure 72(a), Plaintiff David Day, by and through counsel, hereby files Plaintiff's Objection to the Magistrate Judge Thomas G. Wilson's September 4, 2020 Order (Docket Entry 176). Plaintiff challenges the September 4, 2020 Order granting "Defendant's Motion to Reconsider Order on Motion to Compel (Doc. 149)" (Doc. 157), Docket Entry 176, and requests that this Court set aside or otherwise modify the September 4, 2020 Order to comply with the law, for the reasons set forth herein.

### I.    INTRODUCTION

Plaintiff David Day was injured in a car accident in February of 2017. As a result of this accident, he sought emergency treatment at Sarasota Doctors Hospital, Inc. d/b/a Doctors Hospital of Sarasota (hereinafter "the Hospital"). Plaintiff Day had Personal Injury Protection Insurance (hereinafter PIP), as required under Florida law. The services Plaintiff Day received at the Hospital were covered by PIP but were not covered by any secondary insurance. Under the Florida No-Fault Law, charges for PIP covered services are required to be reasonable and not more than customarily accepted for similar services. Fla. Stat. § 627.726. This case arises out of

the Hospital's unreasonable charges for PIP-covered emergency services, which prematurely exhausted Plaintiff Day's PIP insurance. This premature exhaustion caused Plaintiff Day to pay out-of-pocket for services that otherwise would have been covered by PIP. Plaintiff Day filed his Second Amended Complaint with this Court on September 30, 2019 (hereinafter "Complaint").

During discovery, Plaintiff requested "any and all contracts or agreements between you, any entity and any insurance carrier which mandate and/or delineate the amount that you or any entity related to you can charge such insurers for specific medical services or the amount of fees that you will accept from such insurers for specific medical services from January 1, 2015 to date." (Plaintiff's Request for Production of Documents, Request No. 14). Defendant objected to this request. After good faith discussions between counsel, Defendant produced three contracts with the specific understanding that Plaintiff was not accepting the three contracts as responsive to Request No. 14 and that Plaintiff was not waiving the right to seek the remaining contracts. Thereafter, Defendant refused to produce the remaining contracts and Plaintiff filed a motion to compel production of the remaining contracts on March 4, 2020. (Doc. 94). On July 10, 2020, Magistrate Judge Wilson entered an order compelling Defendant to produce, by August 10, 2020, the contracts with insurance companies to more accurately show what the customary amount charged to and/or accepted from privately negotiated contracts. (Doc. 149)("Discovery Order"). This request is relevant as to whether the charges Defendant charged Plaintiff Day were reasonable and customary as required by the Florida No-Fault statute.

On June 1, 2020, Plaintiff moved for class certification pursuant to Federal Rules of Civil Procedure, Rule 23, which was later denied by the Court on July 23, 2020. (Doc. 119). On July 30, 2020, twenty (20) days after the Court entered its order on Plaintiff's Motion to Compel, Defendant filed its Motion for Reconsideration and Motion to Extend Deadline. Magistrate

Judge Wilson granted Defendant's motion and vacated the July 10, 2020 Discovery Order compelling production of Defendant's contracts with insurance carriers. Magistrate Judge Wilson's September 4, 2020 order is clearly erroneous and is contrary to law.

The basis of this lawsuit has not changed. Plaintiff Day was charged rates for services that are in violation of the Florida No-Fault statute because the rates charged are not reasonable or the usual and customary charges of the Defendant. This was alleged in the complaint and continues to be Plaintiff's core allegation. The scope of Plaintiff Day's discovery requests directly relate to the nature of this lawsuit and the entirety of the claims made in the Complaint. Defendant's claim that production is disproportional is baseless as the contracts are all in electronic form and there is no need for redaction as there is a Confidentiality Order protecting same, regardless of Class Certification.

## II.     STANDARD OF REVIEW

Under Rule 72(a), a party may object to a magistrate judge's order on a nondispositive, pre-trial matter within fourteen days after service of the order. Fed. R. Civ. P. 72(a); *see also*, 28 U.S.C. § 636(b) (2017). The district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; see also *SEC v. Kramer*, 778 F. Supp. 2d 1320, 1326-28 (M.D. Fla. 2011) (sustaining objection to magistrate's order denying motion to compel a Rule 30(b)(6) deposition, as the magistrate's conclusion that the deposition would necessarily intrude on work-product privilege was "clearly erroneous" where the defendant "sought to discover only the facts underlying the claim against him and not the mental impressions of . . . counsel"); *Merritt v. International Brotherhood of Boilermakers*, 649 F.2d 1013, 1017, (5th Cir. 1981) (Pretrial orders of a magistrate under § 636(b)(1)(A) are reviewable under the clearly erroneous and contrary to law standard . . .").

### III. LEGAL BACKGROUND

Federal Rule of Civil Procedure 54(b) permits a party to seek relief from an order of the Court before final judgment has been entered. Fed. R. Civ. P. 54(b) ("[A]ny order ... that adjudicates fewer than all the claims of the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities."). However, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Wendy's Int'l, Inc. v. Nu-Cape Const., Inc.,* 169 F.R.D. 680, 685 (M.D. Fla. 1996). The party seeking reconsideration bears the burden of evidencing such extraordinary circumstances. *Taylor Woodrow Const. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1073 (M.D. Fla. 1993). The reconsideration decision is "committed to the sound discretion of the district judge". *Tristar Lodging, Inc. v. Arch Specialty Ins. Co.,* 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assocs.,* 763 F.2d 1237, 1238-39 (11th Cir. 1985)).

The district courts in the Eleventh Circuit "have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; [and] (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon & Nielsen*, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994) (citation omitted). Further, for a motion for reconsideration to be timely, a party must file the motion within ten (10) days of the date of the order. *See Double AA International Investment Group, Inc. v. Swire Pacific Holdings, Inc.*, 2009 WL 10667844.

Defendant has not set forth any sufficient justification that would enable this court to reconsider Magistrate Judge Wilson's July 10, 2020 Discovery Order.

## IV.  ARGUMENT

The Magistrate Judge erred as a matter of law by ruling that, because this Court denied class certification, Plaintiff could no longer obtain discovery into contracts between Defendant and insurance carriers which delineate the amount that Defendant can charge and the amount that Defendant will accept from such insurers for specific medical services. Due to this error, Plaintiff has been denied relevant and proportional discovery. Further, should this court rule in Plaintiff's favor, Plaintiff respectfully requests this Court to extend the discovery deadlines, pretrial deadlines, and trial by sixty (60) days.

### A. The Magistrate Judge Misconstrued the Effect of the Denial of Class Certification.

The scope of Plaintiff's discovery requests is proportional to the nature of Plaintiff's claims. The Second Amended Complaint alleges four causes of action: (1) Violation of the Florida Deceptive and Unfair Trade Practices Act – Deceptive Practices, (2) Violation of the Florida Deceptive and Unfair Business Practices Act – Unfair Business Practices (3) Breach of Contract and (4) Declaratory Relief Pursuant to 28 U.S.C. 2201. Denial of class certification did not affect the core allegations in Plaintiff Day's complaint. It is the nature of Plaintiff's claims themselves which entitle Plaintiff to discovery of the contracts between Defendant and insurance carriers. As such, denial of class certification has no effect on the scope of Plaintiff's discovery requests.

Moreover, this Court has already concluded that the claims at issue in this matter entail broad discovery regardless of the scope of the proposed class. (Doc. 81). Defendant has repeatedly attempted to limit Plaintiff's discovery efforts, presenting nearly the same argument each time. In its Motion to Enforce Judgment and Compel Amendment of Class Allegations, Defendant argued that Plaintiff's discovery requests were "far reaching" and needed to be

limited to patients outside of the *Herrera* class. (Doc. 52). This Court rejected that argument, specifically noting that:

> [A]mendment of the proposed class would have no practical effect on the scope of discovery. Given their nature, Day's claims entail broad discovery regardless of the scope of his proposed class.

(Doc. 81). Judge Covington specifically denied Defendant's attempt to limit discovery based on the proposed class and instead correctly focused on the claims at issue in the complaint. This court was presented with nearly the same argument in Defendant's Motion for Reconsideration where Defendant argued that discovery needed to be limited after class certification was denied. (Doc. 157). Defendant improperly ignored this Court's prior finding that broad discovery is permissible in cases involving the reasonableness of a medical provider's charges regardless of the size of the class.

In light of Judge Covington's prior ruling on the scope of discovery regarding claims of unreasonable medical charges, Magistrate Judge Wilson clearly erred as a matter of law in his September 4, 2020 order granting Defendant's Motion for Reconsideration when he focused on the Plaintiff and not the claims at issue. Plaintiff Day's discovery requests are entirely relevant to his claims given the Florida No-Fault statute requirements. The requested contracts go directly to one of the required reasonableness considerations. Preventing Plaintiff from developing one of the factors essential to the consideration of the Florida No-Fault reasonableness requirement departs from the essential requirements of the law.

### B. Plaintiff's Production Requests are Proportional to the Needs of this Case

"The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and

just result." *Tiger v. Dynamic Sports Nutrition, LLC*, 2016 WL 1408098, at *2 (M.D. Fla. Apr. 11, 2016) (citing *Oliver v. City of Orlando*, No. 6:06-cv-1671-Orl-31DAB, 2007 WL 3232227, *2 (M.D. Fla. Oct. 31, 2007)). Parties may obtain discovery of information and materials that are nonprivileged, relevant to any party's claim or defense, and "proportional to the needs of the case." Fed. R. Civ. P. 26(b). "Proportionality requires counsel and the court to consider whether relevant information is discoverable in view of the needs of the case." *Tiger,* 2016 WL 1408098, at *2.

Broad discovery is appropriate given the nature of Plaintiff Day's claims. The core allegation in this case is that Defendant charges unreasonable rates for PIP-covered emergency room services. Plaintiff Day was charged rates for services that are in violation of the Florida No-Fault statute because the rates charged are not reasonable or the usual and customary charges of the Defendant as required by Florida law. Under the Florida No-Fault statute, charges for PIP-covered services are required to be reasonable and not more than customarily accepted for similar services. Fla. Stat. § 627.726. Specifically, when determining whether Defendant's charges for PIP-covered emergency services were reasonable, "consideration may be given to evidence of usual and customary charges *and payments accepted by the provider involved in the dispute*, reimbursement levels in the community and various federal and state medical fee schedules applicable to motor vehicle and other insurance coverages, and other information relevant to the reasonableness of the reimbursement for the service, treatment, or supply." Fla. Stat. § 627.726(5)(a) (emphasis added).

This Court has already held that broad discovery is permitted when it comes to the reasonableness of a medical provider's charges. In the December 20, 2019 order, Judge Covington stated:

> Even outside the PIP context, Florida courts have held that broad discovery is permissible in cases involving disputes about the reasonableness of a medical provider's charges. See, e.g., *Giacalone v. Helen Ellis Mem'l Hosp. Found., Inc.*, 8 So. 3d 1232, 1235 (Fla. 2d DCA 2009) ("The primary claim on which [the defendant] bases his defenses and counterclaims is that the charges for the supplies and services rendered to him by the Hospital were unreasonable. The information [the defendant] sought by his motion to compel was broadly pertinent to the Hospital's charges and the discounts granted to various categories of patients that it serves (e.g., self-pay patients, Medicare patients, Medicaid patients, charity care patients, and privately insured patients) and to the Hospital's internal cost structure."); *Columbia Hosp. (Palm Beaches) Ltd. P'ship v. Hasson*, 33 So. 3d 148, 149-50 (Fla. 4th DCA 2010) (holding that discovery of information about a hospital's charges for a particular procedure, including amounts charged to other patients and the differences in billing for litigation and non-litigation patients, was relevant to a defendant who sought to dispute the reasonableness of his medical expenses).

(Doc. 81) at 5.

Further, as the *Colomar* court explained, "no single factor can be used to determine the reasonableness of [a hospital's] charges." *Colomar v. Mercy Hosp., Inc.*, 461 F. Supp. 2d 1265, 1269 (S.D. Fla. 2006). Instead, several factors are relevant, including "(1) an analysis of the relevant market for hospital services (including the rates charged by other similarly situated hospitals for similar services); (2) the usual and customary rate [the hospital] charges and received for its hospital services; and (3) [the hospital's] internal cost structure." *Id*.

Within the PIP context, the Florida legislature set forth specific considerations to determine the reasonableness of a hospital's charges. While consideration may be given to "other information relevant to the reasonableness of the reimbursement for the service, treatment, or supply," the Florida legislature specifically included the amounts accepted for a service as part of the reasonableness inquiry. Fla. Stat. § 627.726(5)(a). As such, discovery into each factor set forth in the Florida No-Fault statute is relevant and appropriate. Plaintiff must be given the opportunity to fully discover the amounts that Defendant accepts from insurance carriers in order to bring this case to a fair and just result as required under Florida law.

Preventing Plaintiff's discovery efforts into relevant factors departs from the essential requirements of law. *See Giacalone v. Helen Ellis Mem'l Hosp. Found., Inc*., 8 So. 3d 1232, 1234 (Fla. 2d DCA 2009); *Tiger,* 2016 WL 1408098, at *2 (determining whether relevant information is discoverable *in view of the needs of the case*) (emphasis added). In *Giacalone*, an individual patient counterclaimed alleging substantially the same causes of action as Plaintiff Day, after a Hospital sued him for unpaid charges. *See Giacalone*, 8 So. 3d at 1234. As is the case with Plaintiff Day, "[t]he central theme of Mr. Giacalone's defenses and counterclaims was that the Hospital's charges for its services were unreasonable and unconscionable." *Id*. Accordingly, after the circuit court prevented Giacalone from making an inquiry into the relevant reasonableness information, the District Court of Appeals held that the lower court departed from the essential requirements of the law. *Giacalone*, 8 So. 3d at 1236. The needs of the case required discovery into the appropriate reasonableness factors. Similarly, the needs of Plaintiff Day's case requires discovery into the relevant reasonableness factors under the Florida No-Fault statute. Plaintiff Day has wrongfully been denied this discovery.

### C. Discovery Deadlines Should Be Extended

As a result of Magistrate Judge Wilson vacating the July 10, 2020 Discovery Order, Plaintiff Day has been denied relevant and proportional discovery and the deadline for discovery has since passed. In denying Plaintiff's Motion for Extension of Time (Doc. 163), Judge Covington provided that Magistrate Judge Wilson would rule on the extension of time and reopen discovery if necessary. (Doc. 164). As more fully set forth above, Magistrate Judge Wilson erred as a matter of law by vacating the Discovery Order and preventing Plaintiff Day from developing one of the factors essential to the consideration of the Florida No-Fault

reasonableness requirement. As such, Plaintiff day respectfully requests an extension of sixty (60) days to review and complete discovery.

## V.     CONCLUSION

Plaintiff respectfully requests a hearing on the motion.

WHEREFORE, Plaintiff objects to Magistrate Judge Thomas G. Wilson's September 4, 2020 Order (Docket Entry 176), and requests that this Court set aside or otherwise modify the order pursuant to Federal Rule of Civil Procedure 72(a), grant an extension of sixty (60) days to review and complete discovery and reserve jurisdiction for an award of reasonable attorney's fees and costs along with such other and further that this Court deems just and proper.

                                            Respectfully submitted,

                                            /s/ Bruce S. Rosenberg
                                            Bruce S. Rosenberg, FBN 994782
                                            rosenberg@rosenberglawpa.com
                                            Alexis Rosenberg, FBN 335400
                                            arosenberg@rosenberglawpa.com
                                            **ROSENBERG LAW, P.A.**
                                            6950 Cypress Road, Suite 107
                                            Plantation, FL 33317
                                            Tel: (954)790-6100
                                            service@rosenberglawpa.com
                                            *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

      **I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via transmission of Notices of Electronic Filing generated by CM/ECF on this 15th day of September 2020 to:

| | |
|---|---|
| Walter J. Tache, Esq.<br>Magda C. Rodriguez, Esq.<br>Tache, Bronis, Christianson and Descalzo, P.A.<br>150 S.E. 2nd Avenue<br>Miami, Florida 33131<br>wtache@tachebronis.com<br>mrodriguez@tachebronis.com<br>service@tachebronis.com | John Emmanuel, Esq.<br>Ashley Bruce Trehan, Esq.<br>Buchanan Ingersoll & Rooney PC<br>401 E. Jackson Street, Suite 2400<br>Tampa, FL 33602<br>john.emmanuel@bipc.com<br>ashley.trehan@bipc.com |

                                            /s/Alexis Rosenberg<br>
                                            Alexis Rosenberg, Esq.