UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID DAY,

    Plaintiff,
v.                         Case No. 8:19-cv-1522-T-33TGW

SARASOTA DOCTORS HOSPITAL,
INC. d/b/a DOCTORS HOSPITAL
OF SARASOTA,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Plaintiff David Day's Objection to Magistrate Judge Thomas G. Wilson's Discovery Order (Doc. # 178), filed on September 15, 2020. In the order at issue, entered on September 4, 2020, the Magistrate granted Defendant Sarasota Doctors Hospital, Inc's Motion for Reconsideration on Motion to Compel. (Doc. # 176). On September 25, 2020, Doctors Hospital filed a response. (Doc. # 181). For the reasons set forth below, the Court overrules the Objection.

I. **Background**

Both the Court and the parties are familiar with the facts underlying this case. Accordingly, the Court need not reiterate them here.

Day initially filed this action in state court on

1

November 30, 2017. (Doc. # 1). On May 23, 2019, Day filed a motion to amend his complaint in state court, which was granted on June 20, 2019. (Id.). Notably, the amended complaint also included a putative class action. (Doc. # 1-1 at 13-14). On June 24, 2018, Doctors Hospital removed the case to this Court on the basis of diversity jurisdiction under the Class Action Fairness Act (CAFA). (Doc. # 1).

On September 30, 2019, Day filed a second amended complaint. (Doc. # 46). On March 4, 2020, Day moved the Court to compel Doctors Hospital to produce a number of contracts between the Hospital and insurance carriers. (Doc. # 94 at 18). The Magistrate denied the motion without prejudice on March 9, 2020. (Doc. # 95). Day then filed an amended motion to compel production of those contracts (Doc. # 96), which the Magistrate granted in part on July 10, 2020. (Doc. # 149).

In that order, the Magistrate directed Doctors Hospital to produce "any and all contracts or agreements between [Doctors Hospital], any entity and any insurance carrier which mandate and/or delineate the amount that [Doctors Hospital] or any entity related to [Doctors Hospital] can charge insurers for specific medical services or the amount of fees that [Doctors Hospital] will accept from such insurers for specific medical services from January 1, 2015, to date."

(Doc. # 96 at 18; Doc. # 149). This amounted to over 1,000 contracts, which Doctors Hospital alleges are "proprietary, confidential, intrusive," and "commercially sensitive." (Doc. # 179 at 2-4).

Following significant discovery and a number of other motions to compel, Day filed a motion to certify class on June 1, 2020 (Doc. # 119), which the Court denied on July 23, 2020. (Doc. # 155). On July 30, 2020, Doctors Hospital filed a motion for reconsideration of the July 10, 2020, order compelling it to produce its insurance-carrier contracts because the denial of class certification "resulted in a significant change in the posture of [the] case." (Doc. # 157 at 2). On September 4, 2020, following a hearing, the Magistrate granted the motion for reconsideration and vacated the Court's prior order as to Day's request for production of the aforementioned insurance contracts. (Doc. # 176).

On September 15, 2020, Day filed an Objection to the Magistrate's order on the motion for reconsideration, arguing that the Magistrate "erred as a matter of law by ruling that, because this Court denied class certification, [Day] could no longer obtain discovery into contracts between [Doctors Hospital] and insurance carriers which delineate the amount that [Doctors Hospital] can charge and the amount that

3

[Doctors Hospital] will accept from such insurers for specific medical services." (Doc. # 178 at 5). In the Objection, Day also requests that the Court extend the second amended case management and scheduling order's discovery and other pretrial deadlines, and the trial date, by sixty days. (Id.). Doctors Hospital has responded (Doc. # 181), and the Objection is ripe for review.

## II.  Legal Standard

When a party timely objects to a magistrate's discovery order, the district court must consider the objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see 28 U.S.C. § 636(b)(1)(A). This standard is "highly deferential." Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005).

"[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. at 1351-52 (citation omitted). An order "is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Malibu Media, LLC v. Doe, 923 F. Supp. 2d 1339, 1347 (M.D. Fla. 2013) (citation omitted). "A magistrate judge

4

is afforded broad discretion in issuing pretrial orders related to discovery and the objecting party must show the magistrate judge was clearly wrong." Heller v. Logan Acquisitions Corp., No. 8:17-cv-1715-T-02TGW, 2018 WL 6075498, at *1 (M.D. Fla. Nov. 21, 2018) (citing United States ex rel Ragghianti Founds. III, LLC v. Peter R. Brown Constr., No. 8:12-cv-942-T-33MAP, 2013 WL 5290108, at *5 (M.D. Fla. Sept. 19, 2013)).

### III. Analysis

Day argues that the Magistrate's September 4, 2020, discovery order was clearly erroneous and contrary to law because the scope of discovery remains proportional to Day's needs in spite of the Court's denial of class certification. (Doc. # 178 at 5-6). Day explains that "[t]he requested contracts go directly to one of the . . . considerations" of whether the medical charges at issue in this case were reasonable. (Id. at 6). Additionally, Day notes that the Court previously held that "Day's claims entail broad discovery regardless of the scope of his proposed class." (Id.).

However, after careful review of the Magistrate's September 4, 2020, order, and the record, the Court finds no "clear error." To the contrary, the Magistrate's order complied with the requirements of Federal Rule of Civil

5

Procedure 26.

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Rule 26(b) provides a number of factors that courts may consider in determining the scope of discovery, including "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

There are "three major grounds justifying reconsideration [of a court's order]: (1) an intervening change in the controlling law; (2) the availability of new evidence; [and] (3) the need to correct clear error or prevent manifest injustice." Sussman v. Salem, Saxon & Meilson, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). "A motion for reconsideration should raise new issues, not merely address issues litigated previously." Kaplan v. Kaplan, No. 2:10-cv-237-FtM-36SPC, 2011 WL 13141502, at *1 (M.D. Fla. Sept. 14, 2011) (citation omitted).

Here, the Magistrate granted Doctors Hospital's motion

6

for reconsideration and vacated in part the previous order granting the motion to compel because the denial of class certification significantly changed the posture of the case. (Doc. # 176; Doc. # 179 at 8-11). Because of this change, the Magistrate found that production of the insurance contracts became overly burdensome. (Doc. # 179 at 8-11). Indeed, significant information sought by Day was already publicly available and the amount in controversy in the case decreased dramatically following the Court's denial of class certification. (Id. at 5). Furthermore, Doctors Hospital had already produced contracts with three of the largest insurers. (Doc. # 176, Doc. # 179 at 8-11).

The Court agrees with the Magistrate's finding that, due to the denial of class certification, requiring production of over 1,000 contracts was not proportional to Day's needs and was overly burdensome for Doctors Hospital. Thus, the Magistrate's September 4, 2020, order was neither clearly erroneous nor contrary to law. To the extent that Day also seeks reconsideration of the Court's denial of an extension of the deadlines in the second amended case management and scheduling order, that request is denied, as Day premised this request on the Court's sustaining the instant Objection. (Doc. # 178 at 9-10).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff David Day's Objection to the Magistrate's September 4, 2020, Discovery Order (Doc. # 178) is **OVERRULED**. The Magistrate's Discovery Order (Doc. # 176) is **AFFIRMED**.

(2) Day's Motion to Extend Deadlines in the Second Case Management and Scheduling Order (Doc. # 178) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 17th day of October, 2020.

_Virginia M. Hernandez Covington_
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE