## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DAVID DAY individually and on behalf
of a class of similarly situated persons,

      Plaintiff,

v.                                                                    CASE NO: 8:19-CV-1522-T-33TGW

SARASOTA DOCTORS HOSPITAL, INC.
d/b/a DOCTORS HOSPITAL OF SARASOTA,

      Defendant.

_____/

### DEFENDANT DOCTORS HOSPITAL OF SARASOTA'S
### MOTION TO SEAL UNREDACTED MOTION FOR SUMMARY JUDGMENT;
### EXHIBITS TO MOTION FOR SUMMARY JUDGMENT; AND EXHIBITS
### TO *DAUBERT* MOTION AND INCORPORATED MEMORANDUM OF LAW

Defendant Sarasota Doctors Hospital, Inc. d/b/a Doctors Hospital of Sarasota (the

"**Hospital**"), pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure, Rule 1.09 of

the Local Rules of this Court, the terms of the Agreed HIPAA-Compliant Qualified

Protective Order (Doc. 55), and the Protective Order Regarding Confidentiality (Doc. 57),

hereby moves for leave to file

    (i)    The Hospital's Motion for Summary Judgment (Doc. 187) in unredacted form,

          and

    (ii)   Certain exhibits attached to the Hospital's Motion for Summary Judgment and
          Motion to Exclude the Opinions and Testimony of Plaintiff's Expert Kevin
          McCarty (the "*Daubert* Motion," Doc. 185) under seal as described herein.

## I.      Identification and Description of Each Item to Be Filed Under Seal

The Hospital moves for leave to file an <u>un</u>redacted version of its Motion for Summary

Judgment and copies of the below-listed exhibits to the Motion for Summary Judgment and

*Daubert* Motion under seal through the <u>closure of this case</u>:

### Table 1

| MSJ Ex. | Exhibit Title | Additional Notes |
|---|---|---|
| A | Deposition Transcript: *David Day* | |
| C | Supplemental Declaration of Michael Heil | |
| D | Expert Report of Michael Heil | Also Ex. 4 to Heil Tr. (MSJ Ex. E) |
| E | Deposition Transcript: *Michael Heil* | |
| F | Deposition Transcript: *Kevin McCarty* | |
| G | Deposition Transcript: *Charles Schwaner* | |
| I | Day Invoice (April 2, 2017) | Also Ex. 5 to Day Tr. (MSJ Ex. A) |
| J | UB-04 | Also Ex. 19 to Day Tr. (MSJ Ex. A) |
| K | Deposition Transcript: *Lisa Berryhill, March 15, 2019* | |
| L | Explanation of Benefits from Progressive (EOB) | |
| M | Expert Report of Kevin McCarty | Also Ex. 1 to McCarty Tr. (MSJ Ex. F) |

### Table 2

| *Daubert* Ex. | Exhibit Title | Additional Notes |
|---|---|---|
| 1 | Expert Report of Kevin McCarty | Also Ex. 1 to McCarty Tr. (MSJ Ex. F) Same as MSJ Ex. M |
| 3 | Deposition Transcript: *Kevin McCarty* | Same as MSJ Ex. F |

## II.      Reason That Filing Each Item is Necessary

It is necessary for the Hospital to file its unredacted Motion for Summary Judgment so that this Court can fully review the facts relevant to deciding said Motion. The Hospital cites and/or references these exhibits in its Motion for Summary Judgment and *Daubert* Motion and believes the Court should have the benefit of reviewing these documents. Therefore, it is necessary for the Hospital to file the exhibits to its Motion for Summary Judgment and *Daubert* Motion.

## III.     Reason that Sealing Each Item is Necessary

*Unredacted Motion.* Two paragraphs in the Hospital's Motion for Summary Judgment discuss reimbursement rates paid by third-party payers. These rates are highly confidential. As such, the publicly filed version of the Motion for Summary Judgment is redacted as to those reimbursement rates. Granting the Hospital leave to file the unredacted Motion for Summary Judgment under seal will preserve the highly confidential nature of that discussion while allowing the Court to review the unredacted Motion in full.

*Deposition Transcripts.* Exhibits A, E, F, G, and K to the Hospital's Motion for Summary Judgment and Exhibit 3 to the Hospital's *Daubert* Motion should be sealed pursuant to the Protective Order Regarding Confidentiality (Doc. 57). These deposition transcripts contain personal information of the deponents, as well as confidential and proprietary information of the Hospital. For example, Exhibit M to the Motion for Summary Judgment, which is the deposition of Plaintiff's expert, Kevin McCarty, contains opinions and testimony based on proprietary and confidential documents provided by the Hospital during the course of discovery.

*Expert Reports.* Further, Exhibits D and C to the Motion for Summary Judgment, which are the report of Defendant's expert Michael Heil and his Supplemental Declaration, respectfully, contain highly sensitive and proprietary information relating to the Hospital's reimbursement from contracted payors and a detailed analysis of patient accounts. Likewise, Exhibit M to the Motion for Summary Judgment (also Exhibit 1 to the *Daubert* Motion), which is the report of Plaintiff's expert Kevin McCarty, discusses sensitive and proprietary information regarding the Hospital's policies and practices regarding billing and collections.

*Documents Containing Protected Health Information.* Finally, Exhibits I, J, and L to the Motion for Summary Judgment contain Plaintiff's protected health information ("PHI"), and, thus, are subject to the Agreed HIPAA-Compliant Qualified Protective Order (Doc. 55). These Exhibits contain information relating to medical treatment received by Plaintiff – including, but not limited to, dates of service, account numbers, and the identification of the services rendered by several providers. These documents also reveal personally identifiable information of the Plaintiff, such as his home address. Therefore, the Hospital seeks to maintain the confidentiality of these records pursuant to the Agreed HIPAA-Compliant Qualified Protective Order.

**IV.    Reason that a Means Other Than Sealing is Unavailable or Unsatisfactory to Preserve the Interest Advanced by the Movant in Support of the Seal**

Sealing the unredacted Motion for Summary Judgment and exhibits is necessary to protect the confidential and proprietary information of the Hospital, as well as the private information of the Plaintiff. Given that it is necessary for Hospital to cite the exhibits in its

4

Motion for Summary Judgment and *Daubert* Motion, there is no means other than sealing that would maintain the confidentiality of this information.

## V.     Proposed Duration of the Requested Sealing

The Hospital requests that the unredacted Motion and the exhibits listed in the above Tables remain under seal through the closure of this case.

## VI.    Memorandum of Legal Authority Supporting the Seal

The Health Insurance Portability and Accountability Act of 1996, and the privacy rules (45 C.F.R parts 160 and 164) (collectively, HIPAA) prohibit a covered entity such as the Hospital from the use and disclosure of PHI. *See Opis Mgmt. Res., LLC v. Sec'y, Fla. Agency for Health Care Admin.,* 713 F.3d 1291, 1295 (11th Cir. 2013) (citing 45 C.F.R. § 164.502). PHI includes, but is not limited to, dates of services, date of birth, types of services rendered, account numbers and payment information. HIPAA permits the use and disclosure of PHI in judicial proceedings if certain measures are taken – one being the entry of a qualified protective order. *See* 45 C.F.R. § 164.512 (e)(1)(ii)-(vi).

This Motion arises out of the Agreed HIPAA-Compliant Qualified Protective Order (Doc. 55), which delineates the steps the Parties must take to ensure that documents containing PHI are not improperly disclosed. Under that Order, the party seeking to file such "Confidential Health Information" shall be required to "move the Court to file the Confidential Health Information under seal." (*Id.* ¶ 10.) Additionally, the Protective Order Regarding Confidentiality (Doc. 57) requires a Party who seeks to file Confidential Material, to move the Court to file same under seal. (Doc. 57 ¶ 6.)

Good cause exists for sealing these documents. Sealing the unredacted Motion for Summary Judgment allows the Hospital to maintain the confidentiality of the reimbursement rates, which are briefly discussed therein. Further, due to the contents of the unredacted exhibits, redacting the information would render them unintelligible, and the Court would benefit from its ability to review the documents in their entirety. Additionally, granting this Motion would be consistent with this Court's intent for the treatment of confidential information and protected health information during the course of this action.

Lastly, the Court has previously granted the Hospital's Motion to Seal several of these same documents. (*See* Order, Doc. 146 (granting leave to file under seal the same documents that correspond to the above-listed Exhibits A (Day Deposition), D (Heil Report), G (Schwaner Transcript), I (Invoice), L (Explanation of Benefits), and M (McCarty Report).)

No party will be prejudiced by the relief sought herein.

WHEREFORE, the Hospital respectfully moves for leave to file an unredacted copy of the Hospital's Motion for Summary Judgment; certain exhibits to the Hospital's Motion for Summary Judgment listed in Table 1 above; and certain exhibits to the Hospital's *Daubert* Motion listed in Table 2 under seal through the closure of this case.

## Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), the undersigned certifies that counsel for the Hospital has conferred with counsel for the Plaintiff via email in a good faith effort to resolve the issues raised by this motion. Plaintiff objects to the relief sought herein as to all materials with the exception the Heil Transcript (MSJ Ex. E).

Dated: November 13, 2020                    Respectfully submitted,

/s/ Ashley Bruce Trehan
John D. Emmanuel, FBN 0475572
john.emmanuel@bipc.com
Ashley Bruce Trehan, FBN 0043411
ashley.trehan@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
401 East Jackson Street, Suite 2400
Tampa, FL 33602
Tel: (813) 222-8180
Fax: (813) 222-8189

Walter J. Tache, FBN 28850
wtache@tachebronis.com
Magda C. Rodriguez, FBN 72688
mrodriguez@tachebronis.com
TACHE, BRONIS, CHRISTIANSON AND
DESCALZO, P.A.
150 SE 2nd Avenue, Suite 600
Miami, FL 33131
Tel: (305) 537-9565
Fax: (305) 537-9567
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2020, I electronically filed the foregoing

document with the Clerk of the Court using the CM/ECF system, thereby serving all counsel

of record in this case.

/s/ Ashley Bruce Trehan
John D. Emmanuel, FBN 0475572
john.emmanuel@bipc.com
Ashley Bruce Trehan, FBN 0043411
ashley.trehan@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
401 East Jackson Street, Suite 2400
Tampa, FL 33602
Tel: (813) 222-8180
Fax: (813) 222-8189

7